NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3632

_____

UNITED STATES OF AMERICA

v.

ANDREW M. JONES,
                              Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00027-001)
District Judge: Honorable Joy Flowers Conti

_____

Submitted under Third Circuit LAR 34.1(a)
on March 12, 2019

Before: MCKEE, PORTER and ROTH, Circuit Judges

(Opinion filed: July 22, 2021)

_____

OPINION*

_____

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A jury convicted Andrew Jones of possessing a firearm as a convicted felon. The District Court sentenced him to 65 months' imprisonment. Jones appeals. His counsel argues that Jones's appeal presents no nonfrivolous issues and moves to withdraw under *Anders v. California*.[1] We will grant the motion and affirm.

## I.

Police pulled Jones over after observing him driving erratically, swerving between lanes, and accelerating dangerously. During the stop, they saw a firearm in plain view on the floorboard behind the passenger seat. The police cruiser's dashboard video camera captured the interaction. Jones was arrested and charged with unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). Before trial, Jones moved to suppress the firearm, arguing that the traffic stop and subsequent search violated the Fourth Amendment. The District Court denied the motion, holding that the officers had reasonable suspicion to stop Jones and lawfully retrieved the firearm.

Jones's counsel filed this appeal and a motion to withdraw, asserting there are no nonfrivolous grounds for appeal. Jones argues that (1) his motion to suppress should have been granted, (2) there was insufficient evidence to convict him, and (3) he received ineffective assistance of counsel.

## II. [2]

Third Circuit Local Appellate Rule 109.2(a) allows defense counsel to move to withdraw and file an accompanying brief under *Anders* when counsel has reviewed the

---

[1] 386 U.S. 738 (1967).
[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

record and concluded that "the appeal presents no issue of even arguable merit."[3]  When counsel submits an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[4]

As to the first inquiry, counsel's *Anders* brief is adequate because it both reveals that "counsel has thoroughly examined the record in search of appealable issues" and explains "why the issues are frivolous."[5]  The brief demonstrates a thorough examination of the record and endorses the validity of Jones's conviction and the reasonableness of his sentence.  It also identifies potentially appealable issues, which are addressed below, and sufficiently explains why they are meritless.

With respect to the second inquiry, we review the record to determine whether the appeal "lacks any basis in law or fact,"[6] and we conclude that it does.

The first potentially appealable issue is whether the District Court erred by failing to suppress evidence from the traffic stop.  We agree with the District Court that the police officers had reasonable suspicion to conduct the traffic stop.[7]  Because the officers observed Jones driving with a defective brake light—a violation of Pennsylvania traffic

---

[3] 3d Cir. L.A.R. 109.2(a).

[4] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  An issue is frivolous if it "lacks any basis in law or fact."  *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

[5] *Youla*, 241 F.3d at 300.

[6] *McCoy*, 486 U.S. at 438 n.10 (1988).

[7] We review the District Court's factual findings for clear error and its determination of reasonable suspicion de novo.  *See United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014).

laws—they were permitted to stop Jones.[8]  Their subsequent seizure of the firearm was

also proper because during a lawful traffic stop, an officer is permitted to seize

incriminating evidence that is in plain view.[9]  Jones claims that the dashboard video was

altered and that the raw footage would impugn the credibility of the responding police

officers.  However, Jones's counsel obtained the raw video footage before trial and

retained an expert to examine the footage and determine its authenticity.  The expert

concluded the footage was not altered.  Because Jones's own expert directly contradicts

his claim, there is no issue of arguable merit regarding the authenticity of the dashboard

footage.

The second issue is whether the government presented sufficient evidence to

convict Jones of violating 18 U.S.C. § 922(g).[10]  We review this claim under a plain error

standard because the issue was not preserved below.[11]  Jones, through his counsel,

---

[8] *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) ("A police officer who observes a violation of state traffic laws may lawfully stop the car committing the violation.").  In addition to the defective brake light, the officers had other grounds to stop Jones, as the record shows that his car was abruptly stopping and accelerating at an unusual rate of speed, crossing the double centerlines "two to three times" for "two to three seconds at a time," almost striking oncoming traffic, and "swaying" over the double centerline.  App. 116-18.

[9] *Horton v. California*, 496 U.S. 128, 141 (1990) ("[T]he seizure of an object in plain view does not involve an intrusion on privacy.").

[10] In evaluating challenges to the sufficiency of evidence, we "review the evidence in the light most favorable to the Government, afford deference to a jury's findings, and draw all reasonable inferences in favor of the jury verdict." *United States v. Fountain*, 792 F.3d 310, 314 (3d Cir. 2015) (quotation marks and citation omitted).  We must uphold the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quotation marks and citation omitted).

[11] *United States v. Gaydos*, 108 F.3d 505, 509 (3d Cir. 1997).

contends he did not possess the firearm because there was no evidence that he touched the firearm or knew it was in the vehicle.[12] However, there was enough evidence to establish constructive possession, which is sufficient under 18 U.S.C. § 922(g).[13] Jones was the sole occupant of the car, the handle of the firearm was pointed toward the driver's seat, and the officers observed Jones leaning to the right—which one officer believed was an indicator Jones was trying to hide or retrieve a firearm.

We held this opinion CAV pending the Supreme Court's decision in *Greer v. United States*,[14] which overturned our holding in *United States v. Nasir*.[15] *Greer* held that a "*Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."[16] The record in this appeal shows that Jones stipulated that he had previously been convicted of a felony in the Western District of Pennsylvania. In addition, Jones's Pre-Sentence Report (PSR), which is also a part of

---

[12] To establish a violation of § 922(g)(1), the government must show that (1) the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm; (3) the firearm has traveled in interstate commerce; *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000); and (4) the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

[13] Because Jones was not found in actual possession of a firearm, the case against him proceeded on a constructive possession theory. *See United States v. Caldwell*, 760 F.3d 278 (3d Cir. 2014). A person constructively possesses an object when at a given time he has both the power and the intention to exercise dominion or control over it. *See United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013).

[14] 141 S. Ct. 2090, 2101 (2021) (holding *Rehaif* error not basis for plain-error relief absent argument or representation by defense on appeal that defendant would have presented evidence at trial that he did not in fact know he was a felon.).

[15] 982 F.3d 144 (3d Cir. 2020).

[16] 141. S. Ct. at 2101.

the record, indicates that Jones was sentenced to 120 months in prison and served at least seven years of that time. Given this evidence, we have no doubt that Jones was aware of his status as a felon and, therefore, cannot argue that he would have presented evidence showing he was unaware of his status had the jury been properly instructed, as required by *Greer*.

Jones's remaining argument from his pro se brief is that he received ineffective assistance of counsel. For this claim to be considered on direct appeal—as opposed to a collateral proceeding—Jones must show that his counsel's performance did not meet constitutional standards.[17] He has not made such a showing. He claims that his counsel failed to investigate or challenge the admission of the video, but counsel obtained an expert forensic witness who examined the raw video footage and returned a report unfavorable to Jones. Any attempt by counsel to object to the video or file a motion *in limine* would have been frivolous.[18]

Because there was no deficient performance by Jones's counsel, there is no issue of arguable merit about Jones's ineffective assistance of counsel claim.

## III.

For these reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

---

[17] *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004).
[18] For that reason, Jones's claim is also insufficient to show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).